UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN SETH ROLLENHAGEN and SANDRA ROLLENHAGEN, | Case No. 1:07-cv-818 |
| Plaintiffs, | HONORABLE PAUL MALONEY |
| v. | Magistrate Judge Carmody |
| INTERNATIONAL SPEEDWAY CORPORATION, NEWELL RUBBERMAID, INC., and SARA LEE CORPORATION, jointly and severally, | |
| Defendants. | |

**Opinion and Order**

**Denying Newell Rubbermaid's Motion to Stay Consideration of Venue and Discovery Motions Pending Disposition of Its Motion to Dismiss for Lack of Personal Jurisdiction**

This is a diversity personal-injury action arising from injuries that plaintiff Calvin Seth Rollenhagen allegedly sustained while attending a NASCAR race in South Carolina in 2005. Mr. Rollenhagen and his wife Sandra Rollenhagen (collectively "Rollenhagen") filed the complaint in August 2007, asserting a common-law negligence claim against each of the three defendants: International Speedway Corporation ("Speedway"), Newell Rubbermaid, Inc. ("Newell"), and Sara Lee Corporation ("Sara Lee").

In October 2007, the parties filed the following four motions:

- Rubbermaid's motion for transfer of venue pursuant to 28 U.S.C. § 1404(a), namely for a transfer of this case to the District of South Carolina [document #6];

- Speedway's "motion for judgment on the pleadings" [document #9], which seeks to dismiss the complaint under FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction and/or under FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted;

- Sara Lee's motion to dismiss the complaint for improper venue or, in the alternative, for transfer of venue to the District of South Carolina [document #14];

- Rollenhagen's motion to compel the defendants to participate in a FED. R. CIV. P. 26(f) discovery conference [document #29].

All transfer-of-venue motions have been fully briefed (i.e., Rollenhagen has filed opposition briefs and the moving defendants have filed reply briefs), and they have been referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). On November 6, 2007, Magistrate Judge Carmody scheduled a hearing on the referred motions for December 10, 2007.

A week later, on November 13, 2007, defendant Rubbermaid moved to stay consideration of the defendants' venue motions and the Rollenhagens' discovery motions pending a ruling on its motion to dismiss itself from the case for lack of personal jurisdiction. On November 14 and 15, 2007, respectively, defendants Speedway and Sara Lee filed notices concurring in said stay motion, and on November 19 the Rollenhagens filed a brief in opposition.[1]

---

[1]

This district's Local Civil Rule 7.2 defines "dispositive motion" to include "motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, to involuntarily dismiss an action, and other dispositive motions as defined by law." Local Civil Rule 7.3(a) states that "[n]ondispositive motions are all motions not specifically listed in LCivR 7.2." *See, e.g., Anthony v. Gilman*, No. 4:03-cv-87, 2006 WL 222842, *1 n.2 (W.D. Mich. Jan. 26, 2006) (Miles, J.) ("Because motions for new trial are not specified as dispositive, they are considered non-dispositive.") (citing W.D. MICH. L.CIV. R. 7.2(a) and 7.3(a)). Therefore, defendant Rubbermaid's motion to stay consideration of the pending venue and discovery motions is a nondispositive motion.

Local Civil Rule 7.3(c) provides that a party who has filed a nondispositive motion may not file a reply brief

Recent United States Supreme Court authority expressly recognizes this court's discretion to consider whether this district is the proper (or most suitable) forum for this case *before* considering whether it has jurisdiction over defendant Speedway.

It is true that "a federal court generally may not rule *on the merits* of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem. Internat'l Co., Ltd. v. Malaysia Internat'l Shipping Corp.*, – U.S. –, –, 127 S.Ct. 1184, 1191 (2007) (unanimous decision) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)) (emphasis added).

Rulings on transfer of venue or *forum non conveniens*, however, are not rulings on the merits; rather, they are akin to a ruling on a jurisdictional issue. As the Supreme Court reasoned,

> While *Steel Co.* confirmed that jurisdictional questions ordinarily must precede merits determinations in dispositional order, *Ruhrgas* [*AG v. Marathon Oil. Co.*, 526 U.S. 574 (1999)] held that there is no mandatory sequencing of jurisdictional issues. In appropriate circumstances, *Ruhrgas* decided, a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction.
>
> *Both Steel Co. and Ruhrgas recognized that a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.* Dismissal short of reaching the merits means that the court will not proceed at all to an adjudication of the cause. * * *
>
> A *forum non conveniens* dismissal denies audience to a case on the merits; it is a determination that the case should be adjudicated elsewhere. *[F]orum non conveniens* is a non-merits ground for dismissal. *A district therefore may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction,* when considerations of convenience, fairness, and judicial economy so warrant.

---

in support of that motion without leave of court. *See Portfolio Techs. Inc. v. Intellx, Inc.*, No. 1:05-cv-59, *3 n.1 (W.D. Mich. May 19, 2005) (Miles, J.) ("W.D. Mich. L.Civ.R. 7.3 provides for only two briefs on non-dispositive motions . . . : a brief in support, and a response brief by the opposing party . . . ."). Rubbermaid has not sought leave to file a reply brief. *Contrast Silver v. Giles*, No. 07-cv-103, 2007 WL 2219355 (W.D. Mich. July 27, 2007) (Miles, J.) (granting motion for leave to file reply brief in support of nondispositive motion).

*Sinochem*, – U.S. at –, 127 S.Ct. at 1191-92 (emphasis added, internal citations and quotation marks omitted); *see also Public Citizen v. U.S. Dist. Ct. for DC*, 486 F.3d 1342, 1348 (D.C. Cir. 2007) ("*Sinochem* firmly establishes that certain non-merits, non-jurisdictional issues may be addressed preliminarily, because 'jurisdiction is vital only if the court proposes to issue a decision on the merits.'") (quoting *Sinochem*, 127 S.Ct. at 1191-92) (other internal citations, quotation marks, and alterations omitted).[2]

Like a *forum non conveniens* dismissal, a section 1404 transfer of venue "denies audience to a case on the merits; it is a determination that the case should be adjudicated elsewhere", *Sinochem*, 127 S.Ct. at 1192 – in this case, quite possibly, in the U.S. District Court for the District of South Carolina. Therefore, on the authority of *Sinochem*, this court has the discretion to rule on venue issues before considering any asserted lack of jurisdiction. *Accord Nanya Tech. Corp. v. Fujitsi Ltd.*, 2007 WL 1845556 (D. Guam June 27, 2007) (citing *Sinochem* as authority for granting § 1404 transfer of venue without first addressing disputed issue of jurisdiction); *Fixture Specialists, Inc. v. Global Const. Co., LLC*, – F. Supp.2d –, 2007 WL 3468997 (E.D. Va. Nov. 14, 2007) (Spencer, C.J.) (citing *Sinochem* as authority for transferring case to another federal district without considering whether it had jurisdiction over the parties).

Moreover, the posture of this case presents a particularly appropriate situation for the consideration of venue before jurisdiction. Only one of the three defendants has asserted a lack of personal jurisdiction, and none of the defendants has challenged the court's subject-matter

---

[2] *See generally DRFP, LLC v. Republica Bolivariana de Venezuela*, No. 2:04-cv-793, – F. Supp.2d –, 2007 WL 2071912 (S.D. Ohio July 16, 2007) (Terence P. Kemp, U.S.M.J.) ("*Sinochem* does not represent a material change in the law. * * * Rather, it simply clarifies that, consistent with the decision in *Ruhrgas* that threshold issues such as subject-matter jurisdiction and personal jurisdiction may be decided in any order that the court deems appropriate, *forum non conveniens* is another such threshold issue.").

jurisdiction. Thus, a ruling on venue could conclude this court's involvement in the case, while a ruling on the single defendant's personal-jurisdiction argument would not. Another district court in our circuit recently applied the same reasoning:

> Amici and iDeal have moved to dismiss the plaintiffs' claims against them on the ground that this court lacks personal jurisdiction over them. Further, all of the defendants have moved to dismiss this action for improper venue or in the alternative to transfer it to the District Court for the Northern District of New York for adjudication. Until recently, this court would have been required to address the jurisdictional arguments presented by Amici and iDeal before deciding the motion to transfer. The United States Supreme Court recently held, however, that . . . . *Sinochem* . . . .
>
> Since Xerox did not join in Amici and iDeal's motion to dismiss for lack of personal jurisdiction, the court must consider the defendants' venue arguments no matter how it decides the motion to dismiss because resolution of the jurisdictional issue cannot dispose of this action. Xerox will remain as a defendant even if this court lacks personal jurisdiction over Amici and iDeal. However, if the court were to grant the motion to transfer, this entire case would be transferred to the Northern District of New York, and Amici and iDeal's personal jurisdiction arguments would be mooted . . . . Thus, since the court's consideration of venue is inevitable, and its determination of personal jurisdiction is not, judicial economy favors deciding the motion to transfer before the motion to dismiss this action [as to some defendants] for lack of personal jurisdiction.

*Deep v. XAC, LLC*, Civil Action No. 07-8-C, 2007 WL 1308356, *2 (E.D. Ky. May 2, 2007) (Jennifer Coffman, U.S.D.J.) (footnote omitted) (granting motion to transfer venue and denying as moot the motions to dismiss for lack of personal jurisdiction).

Accordingly, **defendant Newell Rubbermaid, Inc.'s motion to stay [document #38] consideration** of the defendants' transfer-of-venue motions and the plaintiff's discovery motion[3] is

---

[3] The Magistrate Judge, of course, need not grant or deny the plaintiff's discovery motion in its entirety. In light of defendant Rubbermaid's objection to personal jurisdiction and all the defendants' objections to venue in this district, the Magistrate Judge is free to order discovery but limit it for the time being to the issues of personal jurisdiction and/or venue.

**DENIED.** This court will not consider the issue of personal jurisdiction over defendant Newell Rubbermaid, Inc. (or the issue of personal jurisdiction over any other defendant) until the Magistrate Judge has ruled on all venue motions.

This is <u>not</u> a final and appealable order.

**IT IS SO ORDERED this 7th day of December 2007.**

/s/ Paul L. Maloney
_____

Honorable Paul L. Maloney
United States District Judge